UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SNYDER,<br><br>         Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>         Defendants. | Case No.: 3:19-cv-01741-LAB-MDD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR CONTINUANCE**<br><br>**[ECF No. 14]** |

On December 5, 2019, the Court denied Plaintiff Robert Snyder's Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), and simultaneously dismissed his Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915A. *See* ECF No. 9. The Court granted Plaintiff leave to amend and ordered him to do so no later than January 21, 2020. *Id.* at 9. Instead, on December 20, 2019, Plaintiff filed a Notice of Appeal. *See* ECF No. 10. His appeal was assigned USCA Case No. 19-56521, and a Time Schedule Order was issued on December 30, 2019. See ECF Nos. 11–12. Thus, as it stands, Plaintiff's appeal remains pending in the Ninth Circuit.

On January 21, 2020, however, Plaintiff submitted an "Ex Parte Application for Continuance" with the Clerk of this Court. *See* ECF No. 14. In it, he admits he has "six ongoing cases," claims "most of [his] time and energy is consumed by custody harassing him," and acknowledges "[t]his case is currently under review by the 9th Circuit Court of

Appeals." *Id.* at 2. Therefore, Plaintiff requests the Court "put the matter over until the conclusion of the [a]ppellate proceedings," because this case involves just "one of the many deadlines [he] is burdened by,"[1] and "if the appeal is favorable to [him] [] an amended complaint may be unnecessary." *Id.*

While a Notice of Appeal typically divests the district court of jurisdiction over the order or action challenged on appeal, dismissal with leave to amend is not usually considered an appealable Order. *See e.g., United States v. Garner*, 663 F.2d 834, 837 (9th Cir. 1981). But there are rare exceptions. It is also not clear from Plaintiff's Notice of Appeal whether he is challenging the dismissal of his Complaint, the denial of his TRO, or both. *See Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (noting that "Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). Ordinarily, an appeal from a TRO is also not immediately appealable, *see Religious Tech. Ctr. of Church of Scientology Int'l v. Scott*, 869 F.3d 1306, 1308 (9th Cir. 1989) (citing 28 U.S.C. § 1292(a)(1)), but if the denial of a TRO "effectively decide[s] the merits of the case," or is tantamount to the denial of a preliminary injunction it can be. *Id.* (citations omitted).

///

---

[1] The Court notes that even if it retained jurisdiction to consider Plaintiff's request for an extension of time to comply with the deadline it previously set for amendment, the reasons he has offered in support are unconvincing. *See e.g., Forte v. Jones,* 2014 WL 7069447, at *3 (E.D. Cal. Dec. 12, 2014) (noting that plaintiff's "decision to engage in multiple simultaneous lawsuits is a matter of choice and the demands on his time and attention in one action do not constitute an excuse for deadlines missed in another action."); *Haywood v. Bedatsky*, 2007 WL 1412523, *5 (D. Ariz. May 11, 2007) (finding extension of time to serve defendants unwarranted because while plaintiff was proceeding pro se, he "[wa]s not a novice litigator," and "had filed at least three previous lawsuits against many of the[] same [d]efendants.").

Thus, based on the record before it, the Court is not convinced it retains jurisdiction to grant the relief Plaintiff seeks and therefore **DENIES** his Ex Parte Application for Continuance [ECF No. 14] in light of the Notice of Appeal still pending in USCA Case No. 19–56521.

**IT IS SO ORDERED**.

Dated: January 24, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge