1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT SNYDER,<br>CDCR #AC–9136,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01741-LAB-MDD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 18]** |
|---|---|

On December 5, 2019, the Court denied Plaintiff Robert Snyder's Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), and simultaneously dismissed his Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915A. *See* ECF No. 9. The Court granted Plaintiff leave to amend and ordered him to do so no later than January 21, 2020. *Id.* at 9. Instead, on December 20, 2019, Plaintiff filed a Notice of Appeal. *See* ECF No. 10.

While his appeal was pending, he submitted an "Ex Parte Application for Continuance" with the Clerk of this Court. *See* ECF No. 14. Plaintiff admitted he had "six ongoing cases," claimed "most of [his] time and energy is consumed by custody harassing him," and acknowledged "his case [was] currently under review by the 9th Circuit Court of Appeals." *Id.* at 2. Plaintiff requested the Court "put the matter over until

the conclusion of the [a]ppellate proceedings," because this case involved just "one of the many deadlines [he] [wa]s burdened by." *Id.*

On January 24, 2020, this Court denied Plaintiff's request for continuance in light of Plaintiff's appeal. *See* ECF No. 15. The Court further noted that even it *had* jurisdiction to consider Plaintiff's request for an extension of time to comply with the deadline it previously set for amendment, the reasons he offered in support were insufficient. *See id.* at 2 n.1 (citing *Forte v. Jones*, 2014 WL 7069447, at *3 (E.D. Cal. Dec. 12, 2014) (noting that plaintiff's "decision to engage in multiple simultaneous lawsuits is a matter of choice and the demands on his time and attention in one action do not constitute an excuse for deadlines missed in another action."); *Haywood v. Bedatsky*, 2007 WL 1412523, *5 (D. Ariz. May 11, 2007) (finding extension of time to serve defendants unwarranted because while plaintiff was proceeding pro se, he "[wa]s not a novice litigator," and "had filed at least three previous lawsuits against many of the[] same [d]efendants.")).

On January 27, 2020, the Ninth Circuit dismissed Plaintiff's appeal. *See* ECF No. 16. On February 5, 2020, Plaintiff filed a Motion for Reconsideration of this Court's January 24, 2020 Order. *See* ECF No. 18. In it, Plaintiff claims "it isn't his fault" that "multiple prisons have made concerted efforts" to thwart his meritorious lawsuits, and that he is "surrounded by problems with paltry library time with which to seek solutions." *Id.* at 3–5. Plaintiff specifically claims that "between 12/5/19 & 1/20/20 [he] had 4 deadlines from different courts & was allowed no more than 2½ hours per week; enough to work on one case out of four." *Id.* at 5. Therefore, he now requests reconsideration of this Court's January 24, 2020 Order, *and* additional time in which to file his Amended Complaint. *Id.* at 6.

### I.     Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d

1042, 1048-49 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at 1049. Thus, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). But a district court may grant a Rule 59(e) motion only if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007); *see also Campion v. Old Republic Home Protection Co., Inc.*, 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ("[R]econsideration may not be used to get a second bite at the apple.")

Here, Plaintiff's request is timely; however, he points to no mistake, no new facts, and no new circumstance to justify reconsideration of this Court's January 24, 2020 Order. That Order simply denied his request for a continuance pending an appeal that was not yet final. *See* ECF No. 15. And while the Ninth Circuit has since dismissed his

3

3:19-cv-01741-LAB-MDD

appeal, nothing in Plaintiff's current Motion suggests this Court erred at all, let alone committed a "clear error" when it denied his January 23, 2020 application. "To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Campion*, 2011 WL 1935967, at *1 (internal quotation omitted).

## II. Conclusion and Order

Accordingly, to the extent Plaintiff seeks reconsideration of this Court's January 24, 2020 Order, his Motion for Reconsideration [ECF No. 18] is **DENIED**. However, in light of Plaintiff's pro se status, and in view of the limitations necessarily inherent to his continued incarceration, the Court will exercise its discretion and **GRANT** Plaintiff an extension of time in which to re-open this case by filing an Amended Complaint.[1]

The Amended Complaint must be filed with the Court on or before **Monday, April 6, 2020**. It must address all the deficiencies of pleading previously identified in the Court's December 5, 2019 Order (ECF No. 9), and must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). *Plaintiff may add no Defendants and plead no additional causes of action unrelated to the claims set forth in his original pleading*. *See* Fed. R. Civ. P. 20(a)(2).

Should Plaintiff fail to file his Amended Complaint on or before **April 6, 2020**, the Court will enter a final Order dismissing the case with prejudice based on his failure to

---

[1] Plaintiff should assume no further extensions of time will be granted. *See, e.g., Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint."); *id.* ("The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated: March 3, 2020

Hon. Larry Alan Burns
Chief United States District Judge